IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| KATHY HYDE,<br>    Plaintiff,<br><br>v.<br><br>COMPREHENSIVE LOGISTICS CO.,<br>LLC and JOSEPH LANGLEY,<br>    Defendants. | Case No. 4:19-cv-04227-SLD-JEH |

**Order**

Now before the Court is Plaintiff Kathy Hyde's Motion to Strike Defendant's Fifth, Sixth, Seventh and Eighth Affirmative Defenses (Doc. 16) and Defendant Comprehensive Logistics Co., LLC's (CLC) Response to Plaintiff's Motion to Strike CLI's Fifth, Sixth, Seventh and Eighth Affirmative Defenses (Doc. 17).  For the reasons set forth *infra*, the Plaintiff's Motion to Strike is DENIED.

**I**

Defendant CLC removed this case to federal court on November 6, 2019.  In her Complaint, Plaintiff Hyde alleges:  CLC employed Plant Manager Defendant Joseph Langley who sexually assaulted Hyde on December 11, 2018; Hyde immediately initiated an internal complaint to her direct supervisor and reported the incident to the police and the next day, Defendant CLC took away her work issued phone and computer and told her not to return to work until further notice; and while Hyde was on mandatory leave, CLC terminated her employment.  She further alleges that Langley told multiple parties that Hyde was having an affair with a CLC supervisor.  The Plaintiff claims that CLC violated the Illinois Human Rights Act (IHRA), the Illinois Whistleblower Act, the Illinois Gender Violence Act

1

(IGVA), and that CLC negligently hired under Illinois common law. She claims further that Defendant Langley's conduct violated the IHRA, the IGVA, the Illinois Liable and Slander Act, and the Illinois common law of defamation. She lastly claims that Defendants CLC and Langley are jointly and severally liable for Langley's defamatory statements.

Of relevance to the instant Motion are the Plaintiff's allegation that as Plant Manager, Langley was in a position of managerial and supervisory authority at the East Moline Plant and her allegations in Count I for sexual harassment in violation of the IHRA against Defendant CLC which include: the IHRA prohibits sexual harassment by employers and by individuals; Hyde was an "employee" as defined by the IHRA; Defendant CLC is an "employer" as defined by the IHRA; under the IHRA an employer is strictly liable for the sexual harassment of a subordinate employee by a supervisory employee; and, therefore, Defendant CLC is vicariously and strictly liable for Langley's conduct. Plf's Complaint (Doc. 1-1 at ¶¶ 18, 64, 66-69). On November 18, 2019, Defendant CLC filed its Answer to the Complaint (Doc. 9) which, among other things, admits Langley "was intended to become the Plant Manager and in that position would have had managerial and supervisor authority at the East Moline Plant but states that he was discharged prior to assuming the duties of the position" but denies "any suggestion that Langley was Plaintiff's supervisor." (Doc. 9 at ¶ 18). The Answer includes nine affirmative defenses.

In the instant Motion to Strike, the Plaintiff requests that CLC's affirmative defenses five through eight be stricken. Those affirmative defenses state:

5. Plaintiff is not entitled to recover punitive damages as alleged in her Complaint because [CLC] cannot be vicariously liable for discriminatory employment decisions of its agents since those decisions, if any, were contrary to its good-faith efforts to

2

> comply with Title VII of the Civil Rights Act of 1964, as amended.
> 6. [CLC] exercised reasonable care to prevent any discriminatory behavior.
> 7. Even though there were questions as to the accuracy of Plaintiff's allegations, [CLC] immediately investigated Plaintiff's allegations and promptly took reasonable corrective action, including terminating the employment of Mr. Langley.
> 8. The allegedly defamatory statements are protected by a privilege or qualified privilege.

Dft's Answer (Doc. 9 at pg. 38). She contends the fifth, sixth, and eighth affirmative defenses do not meet the pleading requirements of Federal Rule of Civil Procedure 8 because they are threadbare recitals supported by mere conclusory statements. She additionally contends that the fifth and seventh affirmative defenses must be stricken because the allegations concern immaterial and impertinent matters. Defendant CLC counters three (defenses five through seven) of the challenged affirmative defenses are based upon the U.S. Supreme Court case law it cites in its Response, and Illinois case law provides for its eighth affirmative defense of privilege.

## II

Federal Rule of Civil Procedure 12(f) provides that, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored because they potentially serve only to delay. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (stating that motions to strike are not favored and "will not be granted unless is appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense" and "are inferable from the pleadings") (collecting cases). Moreover, courts do not generally grant motions to

3

strike unless the defect in the pleading causes prejudice to the party bringing the motion. *Hoffman v. Sumner*, 478 F. Supp. 2d 1024, 1028 (N.D. Ill. 2007).

While true that the Plaintiff did not include a Title VII claim in her Complaint and Defendant CLC explicitly cites to that statute in its fifth affirmative defense, Title VII and IHRA claims often appear together and it is not unusual for courts to consider the Title VII case law in their consideration of IHRA claims. *See, e.g.*, *Sangamon Cnty. Sheriff's Dep't v. Ill. Human Rights Comm'n*, 908 N.E.2d 39, 45 (Ill. 2009) (acknowledging that in other instances Illinois courts have "found it appropriate to examine federal decisions when construing the [IHRA]" but finding federal case law unhelpful in interpreting the Section 5/2-102(D) of the IHRA which provided an employer is liable for the sexual harassment of its employees); *Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 931 (7th Cir. 2017) ("Under both Title VII and the IHRA, an employer is liable for the harassment of a nonemployee or nonsupervisory employee if it was negligent either in discovering or remedying the harassment) (quoting *Vance v. Ball State Univ.*, 646 F.3d 461, 470 (7th Cir, 2011) and 775 ILCS 5/2-102(D)); *Zoepfel-Thuline v. Black Hawk Coll.*, 2019 IL App (3d) 180524, ¶ 31 (Ill. App. 2019) (noting "our [Illinois] supreme court has stated that the [IHRA] need not be construed in lockstep with Title VII of the Civil Rights Act of 1964"); *Rozsavolgyi v. City of Aurora*, 58 N.E.3d 65, 92 (Ill. App. 2016), *vacated on other grounds*, 102 N.E.3d 162 (Ill. 2017) (explaining that the standard for coworker harassment under federal law and Illinois law was similar but pointing out that "[i]n the case of supervisory harassment, the federal standard differs somewhat from that under the Human Rights Act"). The Court thus does not find that the fifth and seventh affirmative defenses' allegations concern immaterial or impertinent matters to the extent they touch upon federal law. To delve any further into this issue at this time would cause the very delay that makes motions to strike disfavored.

Defendant CLC points out in its Response the argument the Plaintiff makes in her Motion to Strike is proof that she understood the nature of the affirmative defenses. Indeed, the purpose of Federal Rule of Civil Procedure 8(c) is simply "to give the opposing party notice of the affirmative defense and a chance to rebut it." *Williams v. Lampe*, 399 F.3d 867, 871 (7th Cir. 2005). Ultimately, the Court does not find that any prejudice would befall the Plaintiff if the fifth through eighth affirmative defenses remain in this case at this time. Defendant CLC's response to the Motion to Strike reveals that all four of the challenged affirmative defenses are predicated upon factual issues that have obviously not yet been resolved.[1] A discovery schedule was put into place just a matter of days before the Plaintiff filed her Motion to Strike, and the progression of discovery may very well make the issues raised by the affirmative defenses better suited for resolution at a later time.

### III

For the reasons set forth above, the Plaintiff's Motion to Strike Defendant's Fifth, Sixth, Seventh and Eighth Affirmative Defenses (Doc. 16) is DENIED.

*It is so ordered.*

Entered on January 9, 2020.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE

---

[1] Defendant CLC has denied Langley was a supervisor, and it has stated it lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Defendant Langley made a statement to CLC employees that Plaintiff Hyde and her supervisor "were having an inappropriate relationship and/or an extramarital affair (or he used words of similar effect and meaning)." Dft CLC's Answer (Doc. 9 at pgs. 6, 31).